

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

December 9, 1964

Honorable Robert S. Calvert          Opinion No. C- 358
Comptroller of Public Accounts
Capitol Station                       Re: Whether devise and
Austin, Texas                             bequest to Bishop
                                          Garriga is exempt
                                          from inheritance
                                          taxes by virtue of
                                          an irrevocable com-
                                          mitment to use
Dear Mr. Calvert:                         within this State.

    We quote the following excerpt from your letter request-
ing the opinion of this office on the above captioned
question.

        "We desire the opinion of your office with
    respect to the proper exemption applicable to a
    bequest under the Second Paragraph of the last
    will and testament of Frank J. Onzon, who died
    a resident of Nueces County on August 4, 1964.

        "The Second Paragraph of the decedent's
    will reads as follows:

            'I will, bequeath and devise to
        my beloved sister, Katherine M. Onzon
        generally known as Katie M. Onzon for
        her natural life time my homestead at
        508 Waco St. in Corpus Christi, Texas,
        better described being lot Thirteen in
        Block Thirty-two (32) on the Bluff
        portion of Corpus Christi in Nueces
        County, together with all of my other
        property real, personal and mixed of
        which I shall die seized and possessed.
        And upon her death said homestead shall
        pass to and vest in our very good
        cousin, Patrick J. Dunne, who has
        taken such great interest in us both.
        And all other of said property she may
        leave to and for Bishop M. S. Garriga.'

"Bishop Garriga has made an irrevocable commitment to use said bequest exclusively within the State of Texas in order to be exempt from the inheritance tax as provided in Article 14.06, Chapter 14, Title 122A, Taxation General. /Vernon's Civil Statutes/."

You have furnished us with a copy of the commitment, which is in the form of an affidavit, duly executed and sworn to, in which affiant says that "he hereby, in writing, states that the gift, devise or bequest in said Will is irrevocably committed for use exclusively within the State of Texas or within the other geographical areas permitted by such Statute so that such gift, devise or bequest is exempt from Inheritance taxes under the laws of the State of Texas."

Article 14.06 provides, in part, as follows:

"If passing to or for the use of the United States, to or for the use of any other person or religious, educational or charitable organization or institution, or to any other person, corporation or association not included in any of the classes mentioned in the preceding portions of the original Act known as Chapter 29 of the General Laws of the Second Called Session of the Thirty-eighth Legislature, the tax shall be:

"5% on any value in excess of $ 500 and not exceeding $10,000

. . .

Thereafter, the tax percentage increases in stated value brackets up to 20% on any value in excess of one million dollars.

The pertinent exemption provisions read as follows:

"Provided, however, that this Article shall not apply on property passing to or for the use of the United States, or to or for the use of any religious, educational or

charitable organization, incorporated, unincorporated or in the form of a trust, when such bequest, devise or gift is to be used within this State. The exemption from tax under the preceding provisions of this Article shall, without limiting its application under other appropriate circumstances, apply to all or so much of any bequest, devise or gift to or for the use of the United States, or a religious, educational or charitable organization, which is, in writing and prior to the payment of the tax, irrevocably committed for use exclusively within the State of Texas or transferred to a religious, educational or charitable organization for use exclusively within this State.

"Provided, further, that if the property so passing is to or for the use of a religious, educational, or charitable organization which conducts its operations on a regional basis, one such region of which includes the State of Texas, or any part thereof, then a bequest, devise or gift to be used within such region shall be deemed to be used within this State. For purpose of this paragraph a region shall comprise not more than five contiguous states, either in whole or in part, one of which is the State of Texas. For purposes of this paragraph, a religious, educational, or charitable organization shall include, but not be limited to, a youth program of physical fitness, character development, and citizenship training or like program."

The last paragraph of Article 14.06 provides an exemption for "property passing to or for the use of any religious, educational or charitable organization, incorporated, unincorporated or in the form of a trust. . ." under stated conditions which could not be applicable to the facts presented by the question under consideration.

The charitable exemptions provided in Article 14.06 are expressly limited to property passing to or for the use of any religious, educational or charitable organization. The devise and bequest in question passed, at the death of the decedent, to an individual, the Bishop. You are therefore advised that he cannot obtain exemption by committing the property to use within this State and that the proper exemption to be allowed him is that provided for "any other person" under Article 14.06, i.e., $500.

## SUMMARY

A devise and bequest to a Bishop, in his individual capacity, who makes an irrevocable commitment to use it within this State is not exempt from inheritance taxes but is subject to tax under Article 14.06, Vernon's Civil Statutes.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMcGP:dl

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
J. H. Broadhurst
Ivan Williams
Ralph Rash
Charles Swanner

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone